# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6220 | **DATE** | 6/3/2013 |
| **CASE TITLE** | Gloster vs. Doe et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court strikes Defendant Bolden's motion for summary judgment [25], as well as the briefing schedule on that motion. See [23]. Defendant Bolden is given leave to file by 6/24/2013 another summary judgment motion and supporting materials that comply with the local and federal rules. Plaintiff will be given until 7/23/2013 to respond, and Defendant Bolden will be given 8/5/2013 to reply. Counsel for Defendant Bolden is also reminded that he must serve on Plaintiff and file on the docket a Local Rule 56.2 statement along with any renewed motion for summary judgment. Finally, on its own motion, the Court reassesses whether recruitment of counsel for Plaintiff is warranted at this time and, for the reasons stated below, concludes that it is not.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

The Court recently held a status hearing in this matter and granted Defendant Norman Bolden leave to file instanter his motion for summary judgment. See [23]; [25]. The Court has conducted an initial review of the motion and notes that it is deficient in at least two critical respects. First, the motion fails to comply with Local Rule 56.1 in that the "statement of material facts as to which the moving party contends that there is no genuine issue and that entitle the moving party to a judgment as a matter of law" lacks the requisite "description of the parties," recitation of "facts supporting venue and jurisdiction in this court," and, most importantly, "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth." N.D. Ill. L.R. 56.1(a); see also Fed. R. Civ. P. 56(c)(1)(A); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). Second, Defendant has failed to file "as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Opposing Motion for Summary Judgment' in the form indicated" by Local Rule 56.2. N.D. Ill. L.R. 56.2.

Compliance with the local rules governing summary judgment is important, and the Court has the discretion to strictly require it. See, *e.g.*, *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004). The Court therefore strikes Defendant Bolden's motion for summary judgment [25] and the accompanying briefing schedule [23]. The Court grants Defendant Bolden leave to file by 6/24/2013 another summary judgment motion and supporting materials – including the Local Rule 56.2 statement – that comply with the local and federal rules. Should Defendant Bolden file another motion for summary judgment, Plaintiff will be given until 7/23/2013 to respond, and Defendant Bolden will be given until 8/5/2013 to reply.

The Court on its own motion also reevaluates whether recruitment of counsel is warranted at this potentially dispositive stage of litigation. In a civil case, the Court has discretion to recruit counsel to represent a litigant

| STATEMENT |
|---|

who is unable to afford an attorney. 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Since Plaintiff has made a reasonable attempt to secure counsel, see [5], the Court reexamines "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). "The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis in original). In assessing Plaintiff's competence, the Court considers factors including Plaintiff's "literacy, communication skills, educational level, and litigation experience," as well as "any evidence in the record bearing on the plaintiff's intellectual capacity and psychological history." *Id.* "The inquiry into plaintiff competence and case difficulty is particularized to the person and case before the court." *Id.* at 656.

Plaintiff's claim is a straightforward claim of sex discrimination. He alleges that during his brief employment at Defendant Bolden's restaurant, he was sexually harassed by Defendant Robert Doe (whom Defendant Bolden has identified as Robert Blanchard, see [25]). Plaintiff further alleges that when he alerted Defendant Bolden and Defendant Greg Doe (whom Defendant Bolden has identified as Gregory Arnold, see [25]) to the harassment, they took no action to stop it. Plaintiff eventually resigned his employment. See [1]. Defendant Bolden's motion for summary judgment advanced a single, equally straightforward argument: that his restaurant is not an "employer" within the meaning of 42 U.S.C. § 2000e(b) because it "has never employed fifteen persons for each working day during the course of its operations at any time." [25]. Plaintiff, who indicates that he has attended "some college," see [5], has demonstrated a capacity to competently litigate his claims both in regard to his written submissions and his oral presentation at status hearings. The Court therefore concludes that recruitment of counsel is not warranted at this time, particularly in light of the Court's striking of Defendant Bolden's motion for summary judgment. The Court, on Plaintiff's motion or its own, may reconsider this ruling should the case progress further toward trial.

Plaintiff may wish to consider several points moving forward. First, the Court notes that Defendant Bolden identified the two Doe defendants in his (now stricken) motion for summary judgment. Should Plaintiff wish to proceed with his claims against either or both of those Defendants, he should file with the Court a request that alias summonses be issued as to them and that the United States Marshals Service be asked to serve the complaint and alias summonses. Second, the Court is not aware of any discovery that has been conducted in this case. If Defendant Bolden re-files a proper motion for summary judgment, or if the other Defendant(s) file a motion for summary judgment, and Plaintiff believes discovery is necessary to facilitate his proper response, Plaintiff may make a proper filing pursuant to Federal Rule of Civil Procedure 56(d) or otherwise move to have the briefing schedule reset to accommodate discovery. If Plaintiff wishes to take discovery, he should serve written discovery on counsel for Defendant as soon as possible and contact defense counsel in regard to any oral discovery that may be necessary.

*[signature]*